UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON F. RANTEESI, | No. 2:24-cv-02522-EFB (HC) |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se. He has filed a "Motion to Vacate Conviction or Sentence Penal Code 1473.7 and motion for relief due to Discrimination Penal Code 745(a)." ECF No. 1. In addition, he has requested leave to proceed in forma pauperis. ECF No. 7.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254

1 | Cases. Petitioner must also clearly state the relief sought in the petition. *Id.* Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; *see Blackledge v. Allison*, 431 U.S. 63, 75, n.7 (1977).

Petitioner's filing does not make clear how petitioner is in custody in violation of the federal Constitution or laws. In fact, apart from a title page, the filing consists entirely of records pertaining to petitioner's parole suitability hearing and state appellate and habeas proceedings. To the extent that petitioner wishes to raise a challenge to any of these proceedings based on the provisions of the California Penal Code cited in his caption, the court informs him that federal habeas relief is not available to correct errors in the interpretation or application of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Lewis v. Jeffers*, 497 U.S. 764, 780 (9th 1990).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition that petitioner and appended exhibits that is not entitled to federal habeas relief.

Federal courts may not entertain habeas petitions brought under § 2254 if success on the petition would not necessarily accelerate the petitioner's release from custody. *Nettles v. Grounds*, 830 F.3d 992, 934-35 (9th Cir. 2016) (*en banc*).

Petitioner is serving an indeterminate life term following a conviction for first-degree murder. ECF No. 1 at 2. To the extent he challenges his state parole suitability proceedings, success on such a claim would, at best, result in a new suitability hearing. Because success would not necessarily accelerate petitioner's release, he must bring any such claim, if at all, in a civil rights action under 42 U.S.C. § 1983. *Id.* at 934.

Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief and *summarize the facts he alleges support each of the identified claims*.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 7) is GRANTED; and
2. The petition is dismissed without prejudice and with leave to amend within 30 days of the date of this order.

Dated: September 18, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE