UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIMON F. RANTEESI,

Petitioner,

v.

BRIAN CATES,

Respondent.

No. 2:24-cv-02522-DJC-EFB

FINDINGS AND RECOMMENDATIONS

Plaintiff is incarcerated in state prison and seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Pending before the court is respondent's motion to dismiss, ECF No. 17, and petitioner's motion for leave to file a second or successive petition. ECF No. 25. For the reasons set forth below, it is recommended that respondent's motion be granted and petitioner's motion be denied.

## BACKGROUND

### A. Proceedings in This Case

Petitioner initiated this action with a petition for writ of habeas corpus, filed September 17, 2024. ECF No. 1. On September 19, 2025, the undersigned dismissed the petition without prejudice. ECF No. 8. On October 6, 2025, petitioner filed a first amended petition for writ of habeas corpus. ECF No. 10. In it, he seeks relief from his July 2006 judgment for first degree murder, with a weapons enhancement, in the Solano County Superior Court. *Id*. at 1. He raises

eleven grounds for relief alleging violations of his constitutional rights at trial, and an additional claim that his rights under the California Racial Justice Act, Cal. Penal Code §§ 745, 1473, were violated, as well. *Id*. at 6-107.

Respondent filed a motion to dismiss the first amended petition on January 13, 2026. ECF No. 17. Petitioner filed an opposition, on January 30, 2026, ECF No. 20, and petitioner filed a reply, on February 10, 2026, along with a request for judicial notice, on February 9, 2026. ECF Nos. 22-23. Petitioner moved to appoint counsel, on March 30, 2026, ECF No. 27, which the undersigned denied without prejudice, on April 2, 2026. ECF No. 28.

**B. Proceedings in Other Cases**

Petitioner has filed other habeas corpus petitions in this court, seeking relief from the same Solano County conviction. *Ranteesi v. Grounds*, No. 2:10-cv-0439 GEB TJB (E.D. Cal.); *Ranteesi v. Arnold*, Case No. 2:18-cv-0541 KJM DB (E.D. Cal.); *Ranteesi v. Borla*, Case No. 2:24-cv-2590 DAD CKD (E.D. Cal.). The first of these petitions was denied on the merits in this court. *Ranteesi v. Grounds*, No. 2:10-cv-0439 GEB TJB, Doc. No. 99. The Court of Appeal denied a certificate of appealability and the United States Supreme Court denied petitioner's petition for writ of certiorari. *Id*., Doc. No. 114; *Ranteesi v. Grounds*, 571 U.S. 1139 (2014). Petitioner's second petition was denied on the basis that it was successive, *Ranteesi v. Arnold*, Case No. 2:18-cv-0541 KJM DB, Doc. No. 19, and a certificate of appealability and writ of certiorari were also denied. *Id*., Doc. Nos. 26-27; *Ranteesi v. Arnold*, 141 S. Ct. 689 (2020).

As noted, petitioner initiated this action on September 17, 2024. ECF No. 1. Approximately one week later, on September 25, 2024, petitioner filed another petition for writ of habeas corpus in this court, also challenging his Solano County conviction. *Ranteesi v. Borla*, Case No. 2:24-cv-2590 DAD CKD (E.D. Cal.). The court denied the petition as successive, on April 1, 2025. *Id*., Doc. No. 8. The Court of Appeal denied petitioner's request for a certificate of appealability. *Id*., Doc. No. 22.

On April 15, 2025, petitioner filed in the Court of Appeal an application to file a second or successive petitioner under 28 U.S.C. § 2254. *Ranteesi v. Cates*, No. 25-2421 (9th Cir.). In it, he sought to raise constitutional challenges to his Solano County conviction, as well as challenges

under California's Racial Justice Act. *Id*., Doc. No. 1. On January 26, 2026, the Court of Appeals denied the request, as to those claims that had been raised in prior federal proceedings. *Id*., Doc. No. 15. Insofar as petitioner sought to raise claims under the California Racial Justice Act, the Court of Appeal found that these were not successive and had only become ripe after petitioner's first petition for writ of habeas corpus had been denied on the merits in the district court. *Id*. For this reason, the Court ordered that petitioner did not need authorization to file a petition raising these claims and transferred the request to this court, in this proceeding, "for whatever consideration the district court deems appropriate when addressing the Racial Justice Act claims the applicant has raised in those proceedings." *Id*. at 3. The Court "express[ed] no opinion as to the merits of the claims or whether the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254 are satisfied" for the Racial Justice Act claims. *Id*. at 1. Pursuant to the Court of Appeal's order, petitioner's application to file a successive petition, which he had filed in the Court of Appeal, was transferred to this court and docketed in this proceeding as a motion for leave to file a second or successive petition. ECF No. 25.

**DISCUSSION**

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147, 153-155 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. at 153.

Here, the record demonstrates that petitioner sought authorization to file a successive petition from the Court of Appeal, which denied the request except as to petitioner's claims alleged to arise under the California Racial Justice Act, i.e., California Penal Code sections 745 and 1473. ECF No. 25. Thus, as to all other claims, this court lacks jurisdiction and those claims must be dismissed.

Petitioner's claim alleging that his rights were violated under the California Racial Justice Act, *See* ECF No. 10 at 6-107, is also problematic. Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Therefore, a petitioner cannot be granted relief by a federal court for a violation of a state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). For this reason, in alleging that he is entitled to have his conviction and enhancement vacated due to violations of the California Racial Justice Act, petitioner has failed to set forth a theory on which this federal court may grant habeas corpus relief. *See, e.g.*, *Whitaker v. Horn*, No. 2:25-CV-0747 TLN CSK P, 2025 WL 1807056, at *4 (E.D. Cal. July 1, 2025) (concluding same); *Stephens v. Matterson*, No. 2:24-cv-02386-WDK-AJR, 2024 WL 5301779 (C.D. Cal. Aug. 22, 2024), *report and recommendation adopted*, 2025 WL 50265, 2025 U.S. Dist. LEXIS 4006 (C.D. Cal. Jan. 7, 2025) (same); *Muniz v. Phillips*, No. 2:23-cv-05421-SPG-BFM, 2024 WL 1343127, at *3 (C.D. Cal. Mar. 28, 2024) (same); *Brooks v. McDowell*, No. 22-cv-06334-JST, 2024 WL 536352, at *3 (N.D. Cal. Feb. 9, 2024) (same); *Rose v. Warden*, No. 2:22-cv-08155-DOC(LAL), 2023 WL 9601243, at *9 (C.D. Cal. Dec. 26, 2023), *report and recommendation adopted*, 2024 WL 520010 (C.D. Cal. Feb. 5, 2024) (same); *Montgomery v. Matteson*, No. 5:21-cv-00501-FWS (AFM), 2022 WL 16556042, at *8 (C.D. Cal. Sept. 14, 2022), *report and recommendation adopted*, 2022 WL 16556011, 2022 U.S. Dist. LEXIS 198154 (C.D. Cal. Oct. 31, 2022) (same). For this reason, the undersigned recommends the petition be dismissed as to these claims, as well.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for leave to file a second or successive petition (ECF No. 25) be DENIED;

2. Respondent's motion to dismiss (ECF No. 17) be GRANTED; and

3. Judgment be entered in favor of respondent and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written

objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 25, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE